## HOOSIER CONDENSED MILK CO v BOWEN

Ohio Appeals, 3rd Dist, Defiance Co

No 67. Decided Feb 8, 1929

T T Shaw, Definace, for Milk Co.
R H Sutphen, Defiance, for Bowen.

HUGHES, J.

The admissions of the defendant placed the burden of proof upon him, and at the close of his case there was a motion made by the defendant to direct a verdict for the plaintiff, the defendant having failed to adduce any evidence showing that he had

made any efforts to procure other employment after the termination of this contract by the plaintiff. This motion was overruled, but the plaintiff did not rest upon its motion but proceeded to adduce its evidence in its behalf. But during the introduction of evidence in behalf of plaintiff, the defendant moved the court to open up the case in his behalf, and this lacking evidence was adduced. At the close of all the evidence, the plaintiff renewed its motion.

It is now claimed that the motion should have been sustained at the close of defendant's case. But it is well settled that where a motion to direct a verdict at the close of a party's case, is overruled, it is waived by the mover unless it is renewed at the close of the case, and when it is renewed at the close of all evidence, it challenges not the sufficiency of the evidence that was before the court and jury at the time the first motion was made, but the evidence that was before the court at that time, taken in connection with the facts which appear from the other party's evidence throughout the case **78 O.S. 243 at 255.**

Upon the weight of the evidence, which is urged upon us for consideration, we are satisfied from a reading of the evidence that there is ample evidence to support the verdict of the jury. There is much conflict, but the case of **Dean v. King, 22 O.S. 118, 134,** controls.

It is urged upon us here further, that the special findings of the jury entitle the plaintiff to a judgment notwithstanding the general verdict. But in this we cannot agree.

Counsel for plaintiff found their argument much upon the theory that the defendant was bound to furnish to the jury, evidence from which it could determine approximately the exact amount of commissions the defendant had lost by reason of the breach of the contract on the part of the plaintiff, in the event such breach was found by the jury.

The defendant in this case is not seeking to recover lost profits or lost commissions. He is seeking to recover damages for the breach of a contract for his services.

The evidence that is complained of, regarding the extent of the demand for this product, and so forth, was a legitimate field of evidence to enable the jury to ascertain what was the probability of the defendant, had he been permitted to continue his labors under this contract, to sell the quantity that was agreed to be furnished him during the life of this contract. In other words, the contract provided that he should be furnished for sale during the life of this contract, not less than eighty-five carloads of Milk-O-Lac. It was proper for him to show when this contract was breached, that the demand for this product was sufficiently large to warrant the finding that he would have been able to sell the entire quantity contracted to him, and it was then perfectly competent for him to show what the commissions upon those sales would have amounted to.

For this reason we find that there was no error in the admission or rejection of evidence in the case, and the judgment is affirmed.

Before Judges Crow, Hughes and Justice.